IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:03-cr-00381-TLW-1 |
| v. | **Order** |
| James Allen Williamson | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that reduce drug sentences and applies retroactively to certain defendants previously sentenced. After careful review of the new law, Fourth Circuit caselaw, and the specific facts related to the offense of conviction, the Court concludes that Defendant is eligible for relief under the First Step Act and grants his motion.

Defendant pled guilty to Count 8 of a superseding indictment, which charged him with Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846.[1] After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of

---

[1] The superseding indictment charged him with 50 grams or more of crack and 5 kilograms or more of cocaine. *See* ECF No. 36 at 8. However, as discussed in detail below, he only pled guilty to the crack weight, not the cocaine. *See* Plea Tr. 23:13–30:17.

1

supervised release. PSR ¶¶ 75, 79. His Guidelines range at sentencing—after taking into account his career offender designation—was 262 to 327 months, followed by 10 years of supervised release. PSR ¶¶ 76, 82. The Court imposed a 270-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 142.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 8 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams. The Fourth Circuit has considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)— both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

2

The Government opposes the motion based in part on its assertion that Defendant was also "guilty of being involved with 5 kilograms or more of cocaine." ECF No. 225 at 3. But he asserts in response that "the Government only proved 50 grams of crack as to Defendant," that "the Court specifically declined to find [that he] was guilty of being involved with 5 kilograms or more of cocaine," and that he "never admitted participation in a conspiracy in which he was involved with 5 kilograms or more of cocaine." ECF No. 222 at 2.

The Court obtained and reviewed the transcript of the guilty plea in this case. It reflects that Defendant is correct. During his change of plea hearing, the AUSA stated that while the entire conspiracy was over 5 kilograms of cocaine, she "cannot remember right now whether I have that much on [Defendant] or not, but for purposes of the plea, it doesn't matter." Plea Tr. 25:6–10. The Court later asked whether it was necessary "to delve further into the cocaine at this time." *Id.* 26:3–4. The AUSA stated, "No, Your Honor, because proof of either is acceptable for this guilty plea." *Id.* 26:5–6. The Court then only addressed crack with Defendant. He admitted he distributed crack. *Id.* 26:19–20. He also admitted that he was involved in a conspiracy to distribute crack and that the amount of crack was more than 50 grams. *Id.* 26:21–27:17. No specific amount of crack beyond the 50 grams charged was discussed during the plea. Based on the Government's representation to the Court, the plea was accepted based solely on crack.

Notably, the PSR attributed a crack weight of 30.33 grams (just over 1 ounce) to Defendant. PSR ¶ 26. However, because he admitted at the plea to being involved

with more than 50 grams of crack, that was the amount for which he was ultimately held accountable at sentencing.

Hence, as discussed above, the Government's position is not precisely accurate, as Defendant only pled guilty to the crack weight, which is confirmed by a review of the transcript. Additionally, as to the applicable law, in a case decided after the Government filed its brief, the Fourth Circuit held that a defendant convicted of a multi-object drug conspiracy case involving crack and some other drug (such as cocaine) is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Thus, he is eligible for a sentence reduction. The information presented to the Court at the sentencing has relevance to the sentence reduction motion filed pursuant to the First Step Act. Again, he did not plead guilty to the cocaine portion of the charge.

In Defendant's motion, he requests a full resentencing hearing. *See* ECF No. 222 at 1. Judge Currie has considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also United States v. Wirsing*, 943 F.3d 175, 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a

4

plenary resentencing.").

Pursuant to the First Step Act, the statutory penalties applicable to Defendant on Count 8 have been reduced to 10 years to Life and at least 8 years supervised release. His Guidelines range remains 262 to 327 months.

In considering whether or how much to reduce Defendant's sentence, the Court has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. The Court has also considered, as is required, the additional arguments set forth in his briefs, including his favorable conduct in prison, that his § 851 enhancement would no longer apply if he were sentenced today, his age, his lack of convictions for violent crimes, that he was a "drugs only" career offender with predicate convictions for marijuana offenses, and the impact of COVID-19 at his prison.[2] *See* ECF Nos. 222 at 9, 224 at 3, 252 at 3–4.

As to the specific facts of this case, Defendant was involved in a conspiracy to distribute crack. He admitted that it exceeded 50 grams of crack, though no specific amount was asserted by the Government at his plea. Again, the PSR attributed 30 grams (just over 1 ounce) of crack to him, though he was ultimately held accountable for the 50 grams of crack to which he pled. His career offender predicate convictions relate to marijuana and he was sentenced in 1997, not to prison, but to probation on

---

[2] The Court also notes that, if he were sentenced under current law, he would not be a career offender because under applicable caselaw, his federal offense of conviction does not qualify as a predicate offense for career offender status. *See United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019) (holding that a § 846 conspiracy is not a "controlled substance offense" under the Guidelines). This would result in a much lower Guidelines range.

each of them. His probationary sentences were revoked for "technical violations" in 2000 and he was sentenced to 6 months, though he actually served only about 3 months. *See* PSR ¶¶ 35–37. He has not served a significant sentence prior to the current federal sentence.

Defendant's prior state convictions and the federal conviction must be considered in evaluating his motion for a First Step Act reduction. Again, he received sentences of probation on his prior state convictions. The PSR's crack weight was 30.33 grams. While he admitted that he was involved with more than 50 grams of crack, no specific amount was stated at the time of his plea. At the time he was originally sentenced, he was a career offender. He would not be a career offender under current law if sentenced today. He has no violent convictions on his record. These factors weigh in his favor. Additionally, many federal drug defendants have substantially higher drug weights assigned to them for sentencing purposes than he has here. Those defendants are sentenced to the substantial sentences in federal court. The Court distinguishes this defendant from those defendants.

Pursuant to the First Step Act, for the reasons set forth above and the facts related to the federal conviction, Defendant's motion, ECF No. 222, is **GRANTED**. In summary, after applying these facts to the § 3553(a) sentencing factors, the Court concludes that the drug weights, prior probationary sentences, and comparing this defendant's conduct to other federal defendants warrant a sentence of 216 months (18 years) or time served, whichever is greater, followed by a term of supervised

release of 8 years.[3]  This sentence remains a significant sentence as there is no parole in the federal system.  An amended judgment will follow.

**IT IS SO ORDERED.**[4]

*s/ Terry L. Wooten*  
Terry L. Wooten  
Senior United States District Judge

October 16, 2020  
Columbia, South Carolina

---

[3] To the extent that this sentence is below the Guidelines range noted, after applying the § 3553(a) factors as specifically stated, the Court will downward depart or vary to impose a sentence of 216 months.  *See also* U.S.S.G. § 4A1.3(b)(1) (criminal history can be evaluated when imposing a sentence and is relevant to a departure under the Guidelines).  Reducing the current total offense level from 34/VI to 32/VI results in a Guidelines range of 210 to 262 months, which encompasses the sentence the Court now imposes under the First Step Act.

[4] In light of this order, the remaining outstanding motion in this case, ECF No. 224, is terminated as **MOOT**.

7